UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS EDUARDO HERRERA FLORES,

                              Plaintiff,                    Index No.: 21-cv-5630 (VLB)

-against-

JERMYN CONTRACTING CORP., GOLIATH
CONSTRUCTION, INC., MEADOWBROOK
BUILDERS, INC., PETER GLASS in his individual
capacity and as Officer of JERMYN CONTRACTING
CORP., as Officer of GOLIATH CONSTRUCTION, INC.,
And as Officer of MEADOWBROOK BUILDERS, INC.,

                              Defendants.

------------------------------------------------------------------X

**PLAINTIFF'S PROPOSED FINDINGS OF FACTS AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ACTUAL DAMAGES, LIQUIDATED DAMAGES, STATUTORY DAMAGES, PRE-JUDGMENT INTEREST, AND ATTORNEYS' FEES, AND COSTS**

      Plaintiff LUIS EDUARDO HERRERA FLORES ("Plaintiff") submits this Memorandum of Law containing proposed findings of facts and legal principles applicable to his claims pursuant to Hon. Magistrate Paul E. Davison's March 31, 2022, Order.

      Plaintiff commenced the above-captioned action for unpaid overtime wages, liquidated damages, wages statement/notice violations, attorneys' fees, and costs pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the accompanying New York Code, Rules, and Regulations ("NYCRR").

### FACTUAL ALLEGATIONS

      At all relevant times herein mentioned, Plaintiff lived in Westchester County, New York and worked for Defendants JERMYN CONTRACTING CORP., GOLIATH CONSTRUCTION, INC., MEADOWBROOK BUILDERS, INC., and PETER GLASS (hereinafter "Defendants"),

under the direction of Defendant PETER GLASS (hereinafter "Defendants"). See Declaration of Luis Eduardo Herrera Flores in Support of Damages (hereinafter "Plaintiff's Decl.") at ¶2-3. Defendant Peter Glass owned, operated, and controlled JERMYN CONTRACTING CORP., GOLIATH CONSTRUCTION, INC., and MEADOWBROOK BUILDERS, INC. during the entirety of Plaintiff's employment by Defendants, i.e. from April 2002 to September 14, 2020 (the "Relevant Time Period"). Plaintiff's Decl. at ¶3. Throughout the Relevant Time Period, Plaintiff performed non-exempt work for Defendants throughout New York State; specifically, the construction related duties of brickwork, basement construction, chimney construction, tree trimming, blacktopping, septic tank installation, and demolition. Plaintiff's Decl. at ¶4-6.

For the Relevant Time Period, Defendants paid Plaintiff $24 per hour as his regular rate of pay. Plaintiff's Decl. at ¶7. Each week, Plaintiff worked Monday through Saturday and occasionally Sundays when Defendant Glass required. Plaintiff's Decl. at ¶8. Plaintiff generally began working at approximately 8 am daily and did not have a specified time that he and his co-workers would stop working daily. Plaintiff's Decl. at ¶9. During the Relevant Time Period, Plaintiff worked more than 40 hours in a given workweek throughout his entire employment with Defendants; Plaintiff worked approximately 60 hours per week. Plaintiff's Decl. at ¶10.

For each hour worked, even those beyond 40 hours in a workweek, Defendants paid Plaintiff $24 per hour. Plaintiff's Decl. at ¶11. Plaintiff did not receive any other kind of compensation when working for Defendants during the Relevant Time Period at the direction of Defendant Glass. Plaintiff's Decl. at ¶12. Defendants paid Plaintiff a portion of his pay via check and the other portion in cash. Plaintiff's Decl. at ¶13. Due to Defendants paying Plaintiff part by check and part in cash, Defendants' records never accurately reflected the number of hours Plaintiff actually worked and the amount Plaintiff should have been compensated. Plaintiff's Decl.

at ¶14. Defendant Glass personally paid Plaintiff the part check and part cash payments in an envelope on Saturdays, usually every week but sometimes every other week. Plaintiff's Decl. at ¶16. Defendant Glass intentionally paid Plaintiff in this way to avoid exposing Defendants' illegal pay practices. Plaintiff's Decl. at ¶ 17.

Plaintiff received approximately $1,440 per week; however, if Defendants had paid Plaintiff properly, he should have been receiving approximately $1,680 per week. Plaintiff's Decl. at ¶15. At no point during the Relevant Time Period did Plaintiff ever receive a proper wage statement from Defendants or notice that tracked any of Plaintiff's proper pay information. Plaintiff's Decl. at ¶18. Defendants did not provide Plaintiff with any written notices in English or Spanish (Plaintiff's native language) at any time during his employment. Plaintiff's Decl. at ¶19.

## LEGAL PRINCIPLES APPLICABLE TO PLAINITFF'S CLAIMS FOR DAMAGES

### Statute of Limitations

Under the FLSA, employees must raise claims for unpaid overtime within two years of a non-willful violation, or within three years of a willful violation. 29 U.S.C. §255(a); Rodriguez v. Heinchon Marcus Distributors, LLC, No. 16CIV1447VBPED, 2016 WL 7489067, at *1–2 (S.D.N.Y. 2016), report and recommendation adopted, No. 16 CV 1447 (VB), 2016 WL 7477559 (S.D.N.Y. 2016). Under NYLL, employees have six years to raise claims for unpaid overtime wages. N.Y. Lab. Law §663(3).

### Burden of Proof

An employee bringing an action for unpaid overtime wages under the FLSA has the burden of proving that he was not properly compensated for his work. Yuquilema v. Manhattan's Hero

Corp., No. 13 Civ. 0461, 2014 U.S. Dist. LEXIS 120422, *7 (S.D.N.Y. 2014) (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680. 687 (1946)). An employer is required to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. §211(c); 12 N.Y.C.R.R. §142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records ..."). In the case of a defaulting defendant, a plaintiff may meet his burden of proof "by relying on his recollection alone" to establish that he performed work for which he was inadequately compensated. Morales v. MW Bronx, Inc., No. 15 Civ. 6296, 2016 U.S. Dist. LEXIS 100422, *12 (S.D.N.Y. 2016) (citing Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)).

## Federal and State Labor Law

### Unpaid Overtime

The FLSA and NYLL require that employers pay overtime wages (at a rate of one and one-half times the regular rate) to employees who work over forty (40) hours per week. 29 U.S.C. §207(a)(1); 12 N.Y.C.R.R. §142-2.2. "To determine whether and to what extent an employee is owed back pay for unpaid [ ] wages, the Court first must ascertain the employee's regular hourly rate." Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14CV10234JGKJLC, 2016 WL 4704917, at *6 (S.D.N.Y. Sept. 8, 2016), report and recommendation adopted sub nom. Xochimitl v. Pita Grill of Hell's Kitchen, Inc, No., 14 CIV. 10234 (JGK), 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016). Overtime wages are "calculated by multiplying [an employee's] regular hourly rate ... by one and one-half. That rate is then multiplied by the number of hours in excess of forty hours the employee worked each week." Id. at *7.

### Liquidated Damages

Both federal and New York state law provide for enhanced damages equivalent to 100% of the total amount of the wages found to be due. Zhang v. Asian Moon Rest. Corp., No. CV 20-2776 (DG)(AYS), 2022 WL 1422576, at *5 (E.D.N.Y. Mar. 15, 2022), report and recommendation adopted, No. 20CV02776DGAYS, 2022 WL 1460275 (E.D.N.Y. May 9, 2022). As to such enhanced damages, federal law places the burden of establishing that liquidated damages should not be awarded on the employer. See Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997). Under state law, willfulness is established where employers voluntarily underpay employees. See Moon v. Kwon, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002). These standards have been recognized to be essentially the same. Id. Where, as here, the employer defaults, an award of liquidated damages is appropriate. See Zhang, 2022 WL 1422576, at *5.

**Failure to Furnish Proper Wage Statements**

New York Law obligates an employer to "furnish each employee with a statement with every payment of wages," listing information about the rate of pay, any allowances and deductions, and the employer's identity and contact details. NYLL §195(3). An employee may recover up to $5,000 for an employer's failure to provide wage statements throughout their employment. NYLL §198(1-d); Ying Ying Dai v. ABNS NY Inc., 490 F. Supp. 3d 645, 660 (E.D.N.Y. 2020).

**Prejudgment Interest**

Although "[p]rejudgment interest is compensatory in nature and is not available where a plaintiff successfully claims liquidated damages under the FLSA because the plaintiff is considered to have been appropriately compensated through the award of liquidated damages," (see Zhang, 2022 WL 1422576, at *7), NYLL§198(1-a) explicitly provides that a successful plaintiff should receive both liquidated damages and prejudgment interest. N.Y. Labor Law § 198(1-a). Accordingly, to avoid double recovery, courts calculate pre-judgment interest only on

the compensatory damages awarded under the NYLL, not on the liquidated damages. See Zhang, 2022 WL 1422576, at *7.

Pre-judgment interest on NYLL damages is calculated at a rate of nine percent per annum. See Zhang, 2022 WL 1422576, at *8; N.Y. C.P.L.R. § 5004. In cases in which damages are "incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). "Courts have discretion in determining a reasonable date from which to award prejudgment interest, such as 'the earliest ascertainable date the cause of action existed,' or a reasonable intermediate date if damages were incurred at various times." See Zhang, 2022 WL 1422576, at *8.

**Attorneys' Fees and Costs**

Both the FLSA and NYLL are fee-shifting statutes, which entitle a prevailing plaintiff to recover his reasonable attorney's fees and costs. 29 U.S.C. §216(b) ("The court in [an FLSA] action shall ... allow a reasonable attorney's fee to be paid by the defendant[s], and costs of the action."); N.Y. Lab. Law §198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover ... all reasonable attorney's fees."); Gurung v. Malhotra, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012).

"In order to determine the appropriate fee award, courts typically start by determining the so-called lodestar amount, or 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.' " Millea v. Metro-North R.R., 658 F.3d 154, 166 (2d Cir. 2011). Counsel for the prevailing party must make a good faith effort to exclude excessive, redundant, or unnecessary hours from the fee request. Quaralino v. Tiffany & Co., 166 F.3d 422, 426 n.6 (2d Cir. 2008), and must "document the application [for fees and costs] with contemporaneous time

records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." Scott v. City of N.Y., 626 F.3d 130, 132 (2d Cir. 2010).

Ultimately, a court's discretion to set a fee award is broad. Hensley v. Eckerhart, 461 U.S. 424, 437 (1989); Matusick v. Erie Cnty. Water Auth., 757 F.3d 31. 64 (2d Cir. 2014) ("We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation and ... what essentially are factual matters.").

**Reasonable Hourly Rate**

"The reasonable hourly rate is the rate a paying client would be willing to pay, bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (internal quotations omitted). "To assess the reasonable rate, the Court considers the prevailing market rates for similar services by lawyers of reasonably comparable skill, experience and reputation." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504. 507 (2d Cir. 2012) (internal quotations omitted). The relevant community is this District. Arbor Hill, 522 F.3d 190-91. In recent wage-and-hour cases, courts in this District have determined that a fee in the range of $250 to $450 is appropriate for experienced litigators. See Cortes v. New Creators, No. 15 Civ. 5680, 2016 U.S. Dist. LEXIS 79757. *7 (S.D.N.Y. 2016); see also Yuquilema v. Manhattan's Hero Corp., No. 13 Civ. 0461, 2014 U.S. Dist. LEXIS 120422, *39 (S.D.N.Y. 2014) (collecting cases).

**Reasonable Hours Expended**

"After determining the appropriate hourly billing rate, the Court calculates the hours reasonably expended." Xochimitl, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *7

(S.D.N.Y. 2016) (internal brackets omitted). Courts must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry for whether the hours were "reasonably expended" is "whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).

**Costs**

An employee who prevails in a wage-and-hour action is entitled to recover costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Costs are defined as "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." Leblanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).

Default

It is well settled that, when a defendant defaults, the court must accept all of the plaintiff's well-plead allegations as true, except those pertaining to damages. Fed. R. Civ. P. 8(b)(6); see. e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  Proof of damages must be based upon admissible, authenticated evidence.  House v. Kent Worldwide Machine Works. Inc., 359 Fed. Appx. 206, 207-08 (2d Cir. 2010). Plaintiff "bears the burden of establishing his entitlement to recovery and thus must substantiate his claim with evidence to prove the extent of his damages." Xochimitl v. Pita Grill of Hell's Kitchen. Inc., No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *7 (S.D.N.Y. Sept. 8, 2016) (internal brackets omitted) (citing Dunn v. Advanced Credit Recovery Inc., No. 11 Civ. 4023. 2012 U.S. Dist. LEXIS 27205, *2 (S.D.N.Y. 2012) adopted by 2012 U.S. Dist. LEXIS 47129 (S.D.N.Y. 2012). The court must conduct an inquiry sufficient to establish

damages to a "reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

## APPLICATION

**Statute of Limitations**

Plaintiff worked for Defendants from April 2022 to September 14, 2020. The instant lawsuit was filed on June 29, 2021. Under the NYLL, a six-year statute of limitations applies; thus, Plaintiff is able to recover the unpaid overtime premium and damages for failure to provide wage statements for the period of six years prior to the date of filing up until his separation of employment, leaving the operative damages period to be June 29, 2015 to September 14, 2020. This is a period of 272 weeks under the NYLL.

Under the FLSA, unpaid overtime claims must be brought within two years of a non-willful violation, or within three years of a willful violation. Plaintiff herein has asserted a willful violation by Defendants, which is unopposed in this Default proceeding (see Docket No. 1 at ₱₱ 2, 58, 69; see also Plaintiff's Decl. at ₱17). Plaintiff would be able to recover the unpaid overtime premium and damages for failure to provide wage statements for the period of three years prior to the date of filing up until his separation of employment, making the operative damages period June 29, 2018 to September 14, 2020. This is a period of 115 weeks under the FLSA.

Should this Court grant the instant motion for damages, the NYLL Statute of Limitations will govern Plaintiff's award for back pay on the unpaid overtime wages.

**Burden of Proof**

Plaintiff has submitted his Declaration, in admissible form, wherein he recollects with the requisite specificity and reasonable certainty how Defendants' pay practices deprived him of the required overtime premium and entitlement to accurate wage statements. Mercedes v. Tito

Transmission Corp., No. 15CV1170(CM)(DF), 2019 WL 102007, at *9 (S.D.N.Y. Jan. 4, 2019) ("As a threshold matter, in the consideration of damages, this Court finds Plaintiff's submissions to be sufficient to meet his burden of proof to establish, to a reasonable certainty, his applicable overtime, spread-of-hours, and statutory damages, such that a hearing on such damages is not required.  As noted above, in the context of a default, where the defendant has neither provided any employment records, nor otherwise rebutted the plaintiff's damages claims, it is sufficient for a plaintiff to rely on his "recollection alone" to establish the hours he worked and the rates he should have been paid.")

## FEDERAL AND STATE LABOR LAW

**Unpaid Overtime**

Plaintiff's First and Second Causes of Action are for unpaid overtime under the FLSA and the NYLL, respectively.  See Docket No. 1 at ¶¶67-76.  Plaintiff has demonstrated through his pleadings and Declaration herein that he was a non-exempt employee of Defendants engaged in construction related work during the relevant time period, and that he was deprived of the overtime premium for hours worked beyond 40 in a given workweek.  See Docket No. 1 at ¶¶ 42-57; see also Plaintiff's Decl. at ¶¶3-11.  Plaintiff worked approximately 60 hours per week in which he was paid only $24 per hour (see Plaintiff's Decl. at ¶¶7, 11) instead of the statutorily required rate of $36 per hour.  Had Defendants paid Plaintiff properly, he would have earned $1,680 per week rather than the $1,440 in which he was actually paid, leaving a damage of $240 per week.  Plaintiff's Decl. at ¶15.

Under FLSA, which has a relevant period of damages totaling 115 weeks of damages due to a willful violation of the law, discussed *supra*, Plaintiff is owed $27,600 in unpaid overtime wages.

Under NYLL, however, which has a relevant period of damages totaling 272 weeks of damages, discussed *supra*, Plaintiff is owed $65,280 in unpaid overtime wages.

Based upon the evidence submitted, including Plaintiff's Declaration in Support of Damages and the Microsoft Excel spreadsheet incorporated in Exhibit A of the Declaration of Robert P. Valletti in Support of Plaintiff's Motion for Actual Damages, Liquidated Damages, Statutory Damages, Pre/Post Judgment Interest, Attorneys' Fees and Costs (hereinafter "Valletti Decl."), Plaintiff requests that he be awarded $65,280 in unpaid overtime wages.

**Liquidated Damages**

Both federal and New York state law provide for enhanced damages equivalent to 100% of the total amount of the wages found to be due, and where the employer defaults, an award of liquidated damages is appropriate. Plaintiff therefore requests that he be awarded $65,280 in liquidated damages.

**Failure to Furnish Proper Wage Statements**

Plaintiff submits that Defendants willfully failed to provide him with required accurate wage statements throughout the entirety of his employment with Defendant. *See* Plaintiff's Decl. ¶18. Accordingly. Plaintiff is entitled to the maximum $5,000 in statutory damages pursuant to NYLL §§ 195(3), 198(1–d).

**Prejudgment Interest**

Plaintiff seeks an award of pre-judgment interest only on the compensatory damages awarded under the NYLL for the period from his separation of employment on September 14, 2020 until the date of this submission, May 27, 2022. This is a time period of 619 days.

The daily interest accrual can be calculated by taking the total sum of back pay wages owed, multiplying by 9% per the NY CPLR, and dividing by 365 (number of days in a year).

As Plaintiff is entitled to $65,280 in unpaid overtimes wages, at a rate of 9% per annum under the NY CPLR the calculations will be as follows: ($65,280 x 9%)/365. This is $16.10 per day of pre-judgment interest. The applicable time period of 619 days, multiplied by $16.10 is $9,965.90.

Plaintiff requests an award of $9,965.90 in pre-judgment interest.

## ATTORNEYS' FEES AND COSTS

**Reasonable Hourly Rate**

The hourly rate for hours worked by the undersigned in 2021 is $350. Valletti Decl. at ¶13. The hourly rate for hours worked by the undersigned in 2022 is $385. Valletti Decl. at ¶13. The increase in hourly rate is justified given the experience of counsel, the retainer agreement between attorney and client herein, and current conditions in the Southern District of New York. Furthermore, these figures are well within range of rates deemed reasonable in this District for an attorney of commensurate experience. See, e.g., Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) (awarding hourly rate of $450 to partner with 17 years' experience); Patino v. Brady Parking, Inc., 11 Civ. 3080 (AT) (DF), 2015 WL 2069743, at *3 (S.D.N.Y. 2015) (awarding hourly rate of $400 to founding partner with 13 years' experience in labor and employment law); Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases."); Trinidad v. Pret a Manger (USA) Ltd., No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. 2014) (collecting cases that awarded partners hourly rates of $300-$400 in FLSA actions).

**Reasonable Hours Expended**

The hours expended on this matter are well within reason, despite the case being decided on default, because of the evasiveness of defendants and efforts made to attain appropriate service and jurisdiction over defendants herein. The undersigned has had to expend considerable time researching and investigating the entities involved in order to properly obtain jurisdiction and protect Plaintiff's rights as against all involved entities. Additionally, the Court first required the undersigned to move for default against two of the defendants that were served while service was still being effectuated against two other defendants, an out of state corporation and the principal individual who was clearly evading service. The Court granted extended time to serve the remaining defendants, which ultimately occurred after hiring of an investigator and using the information discovered to re-enlist a process server. Thus, the undersigned has worked on this matter with Plaintiff, a Spanish-speaking individual, for over a year and made two separate default motions (the first of which was denied without prejudice, and the second of which was granted in its entirety against all defendants, leading to the instant inquest) in earnest, in addition to preparing the instant request for damages, all in under 50 hours of total time expended. *Gonzales v. Gan Israel Pre-Sch.*, No. 12-CV-6304 (MKB) (VMS), 2014 WL 1011070, at *21 (E.D.N.Y. Mar. 14, 2014) (49.9 hours reasonable in two-plaintiff wage-and-hour case where defendants defaulted); Acharya v. Solanki, No. 18CV8010MKVJLC, 2022 WL 1144696, at *8 (S.D.N.Y. Apr. 12, 2022), report and recommendation adopted, No. 18-CV-8010 (MKV), 2022 WL 1239585 (S.D.N.Y. Apr. 27, 2022).

**Costs**

Costs incurred by V&A were all entirely necessary, let alone reasonable, out-of-pocket expenses that are and ordinarily charged to clients throughout any litigation. As of the date of this

submission, the firm has incurred $1,928.40 in costs, inclusive of the SDNY filing fee ($402), service of process of evasive Defendants ($1,327), investigation of said Defendants ($175), travel costs ($9.25) and mailings ($15.15).  See Valletti Decl. at ¶16.

## SUMMARY PARAGRAPH

In sum, Plaintiff seeks an award of back pay in the amount of $65,280 for unpaid overtime wages, and an amount of $65,280 in liquidated damages under the NYLL.  Plaintiff also seeks an award of $9,965.90 in pre-judgment interest based on the 9% per annum under the CPLR as applied to the $65,280 figure as calculated at a daily rate.   Plaintiff further requests $17,816 in attorneys' fees and $1,928.40 in costs.

Dated: Patchogue, NY
       May 27, 2022                                   Respectfully submitted,

                                           /s/ Robert P. Valletti
                                          Valletti & Associates, LLC
                                          40 W. 4th Street, Suite 2
                                          Patchogue, NY 11772
                                          P: 516-666-0246
                                          F: 516-758-1117
                                          rpvesq@gmail.com