UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS EDUARDO HERRERA FLORES,

                Plaintiff,                Index No.: 21-cv-5630 (VLB)

   -against-

JERMYN CONTRACTING CORP., GOLIATH
CONSTRUCTION, INC., MEADOWBROOK
BUILDERS, INC., PETER GLASS in his individual
capacity and as Officer of JERMYN CONTRACTING
CORP., as Officer of GOLIATH CONSTRUCTION, INC.,
And as Officer of MEADOWBROOK BUILDERS, INC.,

                Defendants.

------------------------------------------------------------------X

**DECLARATION OF ROBERT P. VALLETTI IN SUPPORT OF PLAINTIFF'S MOTION FOR ACTUAL DAMAGES, LIQUIDATED DAMAGES, STATUTORY DAMAGES, PRE-JUDGMENT INTEREST, ATTORNEYS' FEES, AND COSTS**

ROBERT P. VALLETTI, declares pursuant to 28 U.S.C. §1746 as follows:

1. I am an attorney duly admitted to practice law before the District Court for the Southern District of New York, and member of VALLETTI & ASSOCIATES, LLC (the "Firm"), attorneys for Plaintiff, LUIS EDUARDO HERRERA FLORES ("Plaintiff") in this action against Defendants JERMYN CONTRACTING CORP., GOLIATH CONSTRUCTION, INC., MEADOWBROOK BUILDERS, INC., and PETER GLASS (collectively "Defendants").

2. I submit this Declaration and accompanying Exhibits in support of Plaintiff's Motion for Actual Damages, Liquidated Damages, Statutory Damages, Pre-Judgment Interest, Attorneys' Fees, and Costs.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

3. Plaintiff commenced this action on June 29, 2021 by filing his Summons and Complaint with the Court alleging violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC §207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL") and the accompanying New York Codes, Rules, and Regulations ("NYCRR") 12 NYCRR §142-2.2; and (iii) the wage statement requirements, wage notice requirements, and recordkeeping provisions of NYLL§195. Dkt. No. 1.

4. After Defendants had been properly served and the Clerk of the Court had entered Defaults against each Defendant (Dkt. No. 23, 40, 44), Plaintiff moved this Court, by Order to Show Cause, for a Default Judgment against all Defendants, which was granted by the Honorable Judge Vincent J. Briccetti on March 4, 2022. Dkt. No. 53.

5. In addition to the instant Declaration and accompanying exhibits, Plaintiff has submitted a declaration entitled "Declaration of Luis Eduardo Herrera Flores in Support of Damages" ("Plaintiff's Declaration") in support of the instant motion.[1]

## **CALCULATION OF DAMAGES**

6. Annexed hereto as **Exhibit A** is a Microsoft Excel spreadsheet that numerically calculates Plaintiff's damages upon which he bases his prayer for relief in this inquest.

7. This calculation is based on the figures and facts from Plaintiff's Declaration included with these papers, along with necessary calculations during the relevant damages period and pursuant to the applicable law.

---

[1] Plaintiff is a native Spanish-speaker and Plaintiff's Declaration was translated prior to obtaining his signature.

## PLAINTIFF'S COUNSEL'S TIME, EXPENSES, AND QUALIFICATIONS

Time and Expenses

8. Plaintiff now seeks reasonable attorney's fees and costs for the time and out-of-pocket expenses incurred by his counsel in connection with the above-mentioned claims on which he prevailed. During the course of litigation, starting from when Plaintiff retained the Firm to current date, I maintained contemporaneous time records for this matter.

9. I was the only attorney to work on this matter aside from a translator that I used when communicating verbally with Plaintiff. The Firm did not charge Plaintiff for such translation services.

10. Each period of time and expense incurred on this matter are included herewith in a Microsoft Excel spreadsheet entitled "Luis Herrera Time/Billing/Expenses." See **Exhibit B**. The top portion of the Excel page documents the time I spent working on this matter, while the bottom portion demonstrates the expenses incurred by the Firm.

11. The time spent and expenses incurred in this matter are within reasonable ranges given (i) the Defendants evasion of service, and (ii) the subsequent motion practice required by the Court.

12. The abovementioned Excel spreadsheet in **Exhibit B** has been reviewed to ensure accuracy and all expenses were necessarily incurred in this case, including hiring an investigator after my process server was unsuccessful in locating and properly serving Defendants (due to their evasion) during the several months subsequent to filing of the Summons and Complaint.

13. Plaintiff retained my firm on a contingency basis; thus, the hourly rate I charge for my services was not charged to Plaintiff throughout handling this case. The hourly rate for

work I perform on cases where hourly rates are applicable was $350 per hour in 2021 and $385 per hour in 2022. The change in hourly rate is reflected in **Exhibit B**.

14. The Firm's rate had been unchanged at the rate of $350 for approximately 2 years prior to the increase of the hourly rate beginning in 2022. There is a clause in each retainer the Firm uses, including the operative retainer with Plaintiff, which states "Client is on notice that the hourly rates in this retainer are subject to annual escalation to ensure that the rates being charges are consistent with those being charged in the Southern District of New York. In any event the Client is on notice that the Firm is entitled to a minimum escalation of 10% per year."[2]

15. As of the date of this submission, the Firm has spent 49.95 hours working on and litigating this matter. See **Exhibit B**. I made every effort to exclude excessive, redundant, or unnecessary hours from the fee request.

16. As of the date of this submission, the Firm has incurred $1,928.40 in costs, inclusive of filing fees ($402), service of process of evasive Defendants ($1,327), investigation ($175), travel costs ($9.25) and mailings ($15.15). See **Exhibit B**; **Exhibit C (invoices/receipts)**.

Qualifications

17. I received an undergraduate degree in Business Administration with a pre-law minor from Iona College in 2008, achieving the highest GPA in the business school department.

18. I received my Juris Doctorate from Yeshiva University's Benjamin N. Cardozo School of Law in 2011.

19. I have been practicing law for over ten years in the State of New York.

---

[2] Should the Court require the Firm to upload the executed retainer agreement, the undersigned shall provide same.

20. I began practicing law in 2011 at Ginarte, O'Dwyer, Gallardo, Gonzalez, & Winograd, LLP in their Manhattan office handling personal injury cases (mostly labor law construction cases and some motor vehicle accidents). I handled all aspects of these cases from intake to second-seating two trials under partner Richard Winograd in the Supreme Court of the State of New York.

21. In early 2013, I joined Simpson Thacher & Bartlett, LLP as a staff attorney handling mortgage-backed security cases with partners and associates therein.

22. In early 2014, I joined Valli Kane & Vagnini, LLP as an associate litigating labor and employment law matters in Federal and State courts as well as Federal, State, and City agencies responsible for enforcing employment laws.

23. In April 2015, I founded the Firm as a solo practitioner. I began litigating employment law cases as a solo throughout New York State Courts, the United States District Courts for the Eastern and Southern Districts, and the various Federal, State, and City agencies responsible for enforcing employment laws. Since the Firm's inception, its primary focus (approximately 85% of my practice) is devoted to litigating employment cases in these forums.

24. Additionally, I was appointed as an Assistant Town Attorney in the Law Enforcement Bureau for the Town of Islip in May 2015 until November 2019 when I became Secretary to the Commissioner of Public Safety at the Town of Islip. In my position with the Town Attorney's office, I handled thousands of cases from inception and roughly 25 through completion of trial in Suffolk County's 5th District Court.

25. In employment cases, I typically represent individual Plaintiff-employees. I have handled all of those matters on a full contingency basis since I founded the Firm.

26. The requested rates of $350 per hour in 2021 and $385 per hour in 2022 are reasonable under the circumstances discussed herein.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Patchogue, NY
      May 27, 2022

Respectfully submitted,

 /s/ Robert P. Valletti
Valletti & Associates, LLC
40 W. 4th Street, Suite 2
Patchogue, NY 11772
P: 516-666-0246
F: 516-758-1117
rpvesq@gmail.com